STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:   andrew.brown@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-635-JFW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MALACHAI LEVY |
| v. | |
| MALACHAI LEVY,<br>  aka Ralph Maurice Metters, | |
| Defendant. | |

1.   This constitutes the plea agreement between MALACHAI LEVY ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a)   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the

1

information, which charges defendant with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h) Not bring a post-conviction collateral attack on the conviction or sentence except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

i) Not move to withdraw defendant's guilty plea.

j) Not file a notice of appeal, unless the term of imprisonment imposed exceeds ten years.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a) Not contest facts agreed to in this agreement.

1  b)   Abide by all agreements regarding sentencing
2  contained in this agreement.

3  c)   At the time of sentencing, move to dismiss the
4  remaining counts of the information as against defendant.  Defendant
5  agrees, however, that at the time of sentencing the Court may
6  consider any dismissed charges in determining the applicable
7  Sentencing Guidelines range, the propriety and extent of any
8  departure from that range, and the sentence to be imposed.

9                    NATURE OF THE OFFENSE

10  4.  Defendant understands that for defendant to be guilty of
11  conspiracy to commit wire fraud, in violation of Title 18, United
12  States Code, Section 1349, the following must be true:  First,
13  during the time period alleged in the information there was an
14  agreement between two or more persons to commit wire fraud; Second,
15  defendant became a member of the conspiracy knowing of its object
16  and intending to help accomplish it.  The elements of wire fraud, in
17  turn, are as follows:  First, defendant knowingly participated in or
18  devised a scheme to defraud, or a scheme or plan for obtaining money
19  or property by means of false or fraudulent pretenses,
20  representations, or promises; Second, the statements made or facts
21  omitted as part of the scheme were material, that is, they had a
22  natural tendency to influence, or were capable of influencing, a
23  person to part with money or property; Third, defendant acted with
24  the intent to defraud, that is, the intent to deceive or cheat; and
25  Fourth, defendant transmitted, or caused to be transmitted, wire or
26  radio communications in interstate or foreign commerce to carry out
27  or attempt to carry out the scheme.

28

3

PENALTIES AND RESTITUION

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1349, 1343, is: 20 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that

unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.    Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges.

FACTUAL BASIS

10.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

> Beginning in or before 2011, and continuing through at least October 8, 2014, there was an agreement between more than two persons to commit wire fraud.  Defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.  In furtherance of the conspiracy, defendant and his co-conspirators forged a wire transfer request purportedly from Wilkie Lexus that caused the wire transfer of $556,375.82 from Wilkie Lexus's bank account in Pennsylvania to defendant's Omni Finance bank account in California on March 6, 2013. Defendant was a leader of at least five participants in this scheme who followed defendant's instructions to cash cashier's checks that contained the proceeds of the Wilkie Lexus wire fraud, and turn the cash over to defendant in exchange for a small portion of the proceeds.  Also in furtherance of the conspiracy, defendant falsely represented to investors that he would use their money to engage in foreign currency investments, and that their money would be kept in escrow until they authorized its use.  Victims accordingly invested at least $745,000, which defendant took out of the escrow accounts without their permission, and used for his own purposes. Interstate wires used to advance the foreign currency investment fraud include the wire transfer of $500,000 from a victim's business account in Ooltewan, Tennessee to Haven View Escrow's account in Los Angeles, California on October 21, 2013.

SENTENCING FACTORS

11.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable

Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

12.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | [USSG § 2B1.1(a)(1)] |
| Loss over $1 million: | 16 | [USSG § 2B1.1(b)(1)] |
| Role | 4 | [USSG § 3B1.1(a)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, except the government agrees not to seek an enhancement under Section 2B1.1(b)(2) (relating to the number of victims).

13.   Defendant understands there is no agreement as to defendant's criminal history score or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

a)   The right to persist in a plea of not guilty.

b)   The right to a speedy and public trial by jury.

c)   The right to be represented by counsel – and if necessary have the court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel - at every other stage of the proceeding.

d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)   The right to confront and cross-examine witnesses against defendant.

f)   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g)   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up

any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than ten years, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $10,000,000; and (f) the conditions of probation or supervised release imposed by the Court.

18.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

19.  The USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was

1  involuntary, then (a) the USAO will be relieved of all of its
2  obligations under this agreement; and (b) should the USAO choose to
3  pursue any charge that was either dismissed or not filed as a result
4  of this agreement, then (i) any applicable statute of limitations
5  will be tolled between the date of defendant's signing of this
6  agreement and the filing commencing any such action; and
7  (ii) defendant waives and gives up all defenses based on the statute
8  of limitations, any claim of pre-indictment delay, or any speedy
9  trial claim with respect to any such action, except to the extent
10 that such defenses existed as of the date of defendant's signing
11 this agreement.

EFFECTIVE DATE OF AGREEMENT

13     21.   This agreement is effective upon signature and execution
14 of all required certifications by defendant, defendant's counsel,
15 and an Assistant United States Attorney.

BREACH OF AGREEMENT

17     22.   Defendant agrees that if defendant, at any time after the
18 signature of this agreement and execution of all required
19 certifications by defendant, defendant's counsel, and an Assistant
20 United States Attorney, knowingly violates or fails to perform any
21 of defendant's obligations under this agreement ("a breach"), the
22 USAO may declare this agreement breached.  All of defendant's
23 obligations are material, a single breach of this agreement is
24 sufficient for the USAO to declare a breach, and defendant shall not
25 be deemed to have cured a breach without the express agreement of
26 the USAO in writing.  If the USAO declares this agreement breached,
27 and the Court finds such a breach to have occurred, then: (a) if
28 defendant has previously entered a guilty plea pursuant to this

10

agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

24.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in the plea agreement are consistent with the facts of this case.   While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise

12

1  regarding the sentence defendant will receive, except that it will
2  be within the statutory maximum.
3                        NO ADDITIONAL AGREEMENTS
4      27.  Defendant understands that, except as set forth herein,
5  there are no promises, understandings, or agreements between the
6  USAO and defendant or defendant's attorney, and that no additional
7  promise, understanding, or agreement may be entered into unless in a
8  writing signed by all parties or on the record in court.
9            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING
10     28.  The parties agree that this agreement will be considered
11  part of the record of defendant's guilty plea hearing as if the
12  entire agreement had been read into the record of the proceeding.
13  AGREED AND ACCEPTED
14  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
15
    STEPHANIE YONEKURA
16  Acting United States Attorney
17
    /s Andrew Brown                        December 12, 2014
18  ANDREW BROWN                           Date
    Assistant United States Attorney
19
20                                         01-30-15
    MALACHAI LEVY                          Date
21  Defendant
22                                         1/30/15
    ALYSSA BELL                            Date
23  Attorney for Defendant
    MALACHAI LEVY
24
25                    CERTIFICATION OF DEFENDANT
26     I have read this agreement in its entirety.  I have had enough
27  time to review and consider this agreement, and I have carefully and
    thoroughly discussed every part of it with my attorney.  I
28
                                13

understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.


_____        _1-30-15_____
MALACHAI LEVY                           Date
Defendant


CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MALACHAI LEVY's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of my client's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or

14

1 representations of any kind have been made to my client other than

2 those contained in this agreement; no one has threatened or forced

3 my client in any way to enter into this agreement; my client's

4 decision to enter into this agreement is an informed and voluntary

5 one; and the factual basis set forth in this agreement is sufficient

6 to support my client's entry of a guilty plea pursuant to this

7 agreement.

8

9 _____          _____ 1/30/15 _____

ALYSSA BELL                             Date

10 Attorney for Defendant

MALACHAI LEVY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15